UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Norman Scott Allen,

    Defendant.

Case No. 11-cr-369(5)(PAM/FLN)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Norman Scott Allen's Motion to Vacate and Motion to Reduce Sentence. For the following reasons, the Motions are denied.

**BACKGROUND**

On September 6, 2012, a jury convicted Allen of conspiracy to commit bank fraud and aiding and abetting bank fraud, and acquitted him of aiding and abetting aggravated identity theft and a separate count of aiding and abetting bank fraud. (Docket No. 586.) The Court sentenced Allen to 80 months' imprisonment and ordered him to pay $86,712.09 in restitution. (Sent. Judg. (Docket No. 920) at 2-4.) The Eighth Circuit Court of Appeals affirmed Allen's conviction and sentence on February 20, 2015. United States v. Maxwell, 778 F.3d 719 (8th Cir. 2015). The Supreme Court denied Allen's petition for a writ of certiorari. Allen v. United States, 136 S. Ct. 319 (2015) (Mem). In October 2016, Allen filed a Motion to Vacate under 28 U.S.C. § 2255 and a Motion to Reduce Sentence under 18 U.S.C. § 3582.

## DISCUSSION

### A.   28 U.S.C. § 2255

A federal prisoner may move the court which imposed his sentence to vacate, set aside, or correct the sentence if the court lacked jurisdiction to impose the sentence, or if the sentence was imposed in violation of the Constitution or federal law, in excess of the maximum authorized by law, or otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).

Allen claims that there are seven grounds on which he is entitled to relief under § 2255. Allen argues that (1) there was insufficient evidence to convict him; (2) he was unfairly prejudiced by "spillover evidence" that did not pertain to him; (3) the Court erred when calculating Allen's sentencing enhancements; (4) the Court erroneously instructed the jury; (5) the verdict form did not accurately reflect the law; (6) the Court erroneously denied Allen's motion for judgment of acquittal; and (7) Allen's counsel was constitutionally ineffective. (Pet'r's Supp. Mem. (Docket No. 1148) at 4-50.) The first six grounds for relief, however, all cover issues that Allen previously raised, and the Eighth Circuit decided, on direct appeal. See Maxwell, 778 F.3d at 728-38. The Court will therefore only address Allen's claim that he received ineffective assistance of counsel.

To prove ineffective assistance of counsel, Allen must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment;

and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

Allen claims that his counsel was constitutionally ineffective in six ways. First, Allen claims generally that his counsel failed to investigate the case and prepare for trial. The Court observed Allen's attorney throughout trial and vehemently disagrees with Allen's assessment. Allen's counsel zealously advocated at trial by cross-examining and discrediting multiple witnesses, objecting to the Government's leading questions, moving for a judgment of acquittal, and arguing that Allen's business accounts were legitimate. Indeed, counsel's trial performance was a key reason why the jury acquitted Allen on the aiding and abetting aggravated identity theft charge and the additional aiding and abetting bank fraud charge.

Second, Allen claims that his counsel failed to interview potential witnesses and subpoena certain bank records. According to Allen, had his counsel called these witnesses to the stand and introduced these bank records into evidence, the jury would have known that he was in regular contact with these financial institutions "about insufficient funds checks written on account," and that "no other person other than [Allen] tried to become a signer on the account." (Pet'r's Supp. Mem. at 46-47.) Allen,

3

however, fails to show how such evidence would have changed the result of his trial. On the contrary, testimony that no one else attempted to become a signer on Allen's account may have strengthened the Government's case by emphasizing Allen's control over the account and fraudulent checks. And evidence that Allen paid fees related to insufficient funds on the accounts could have been damaging if characterized as an attempt to conceal the scheme. Counsel's failure to introduce such evidence was not ineffective assistance of counsel.

Third, Allen claims that his attorney fell asleep during trial and cites to a transcript of a trial proceeding from November 7, 2012. The trial, however, took place in September and October and there is no transcript from November 7, 2012 on the docket. Moreover, the Court does not recall any attorney sleeping during this trial. But even assuming Allen's allegation is true, Allen still fails to show how the result of the proceeding would have been different had his counsel not fallen asleep. This claim fails.

Fourth, Allen complains that his counsel stipulated to the element of bank fraud that required the Government to prove the Federal Deposit Insurance Corporation insured the financial institutions that Allen defrauded. But stipulations are part of a reasonable trial strategy and do not constitute ineffective assistance of counsel. See Lemon v. United States, 335 F.3d 1095, 1096 (8th Cir. 2003). This stipulation was especially appropriate, as even Allen fails to argue that the FDIC did not in fact insure the financial institutions. Counsel's stipulation was anything but ineffective assistance.

Fifth, Allen claims that he struck a juror during voir dire, but that juror somehow remained on the panel and eventually became the foreperson. Allen requested that his

4

counsel bring this mix-up to the Court's attention, but counsel refused. There is simply no evidence in record, however, that this occurred. Moreover, Allen has failed to show that the result of the proceeding would have been different had his counsel raised this issue with the Court. This claim likewise fails.

Sixth, Allen claims that his counsel failed to object to the purportedly erroneous jury instructions. But as previously noted, the Eighth Circuit already held that the jury instructions were proper. See Maxwell, 778 F.3d at 730. Counsel's failure to object to a proper jury instruction does not constitute ineffective assistance of counsel.

The Court need not hold an evidentiary hearing on Allen's claims if his allegations, taken as true, entitle him to no relief or if his allegations are contradicted by the record. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006). Because Allen's allegations, even if taken as true, entitle him to no relief, and because his allegations are contradicted by the record, the Court declines to hold an evidentiary hearing.

To appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether the issuance of a certificate is appropriate, and finds that no issue raised is "debatable among reasonable jurists." Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

**B.     18 U.S.C. § 3582**

In addition to his § 2255 Motion, Allen requests that the Court reduce his sentence pursuant to 18 U.S.C. § 3582, which allows the Court to reduce a term of imprisonment when a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The applicable policy statement for § 3582(c)(2) is U.S.S.G. § 1B1.10, and it provides that a court may only reduce a defendant's sentence if the defendant seeks a reduction based on certain "Covered Amendments."  U.S.S.G. § 1B1.10(d).  Allen seeks a reduction based on Amendment 794 to the United States Sentencing Guidelines.  But Amendment 794 is not a Covered Amendment under U.S.S.G. § 1B1.10(d).  Allen is therefore not entitled to a reduction in his sentence.

**CONCLUSION**

Allen is not entitled to relief under 28 U.S.C. § 2255 or 18 U.S.C. § 3582.  Accordingly, **IT IS HEREBY ORDERED that** Allen's Motion to Vacate (Docket No. 1147) and Motion to Reduce Sentence (Docket No. 1155) are **DENIED** and no certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 20, 2017

                                           *s/ Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge